MAY AND WIFE
vs.
HARDIN'S EX'ORS

---

PET. AND SUM.

Case 6.

December 13.

Case stated
and judgment
below.

## May and wife *vs.* Hardin's ex'ors.

### ERROR TO WASHINGTON CIRCUIT.

Judge MARSHALL delivered the opinion of the court.

Where a suit is brought in the name of one for the benefit of another, the court has jurisdiction to determine, upon motion, who has the right to the control of the suit and its proceeds; and such decision is such final order and judgment as authorizes a writ of error or appeal.

May and wife being in possession of a note for $500, executed by C. Cambron to Martin Hardin, deceased, but without an indorsement or assignment to them, caused a suit by petition and summons to be brought upon it in the names of Martin Hardin's executors, who (as the petition states,) sue for the use and benefit of Lambert May and Letitia Lambert May his wife. Before judgment was rendered upon the note, the executors upon affidavit obtained a rule upon May and wife, and their attorneys, to show by

what authority they prosecuted the suit, and why it should not be dismissed and the note be surrendered to the executors. The rule was discharged as to the attorneys, upon its being shown that they were employed by the parties in possession of the note. May and wife filed a bond to indemnify the executors against the costs, &c., and made an ineffectual motion to discharge the rule. After the rule had been, in fact, heard upon the merits, it was, on motion of the executors, modified by a prayer that they be allowed to control the suit and to receive the money collected on the judgment should one be obtained.

On full hearing of the evidence and arguments on both sides, it was ordered that the rule be made absolute, and that the executors should control the note, and the judgment to be rendered thereon, and that May and wife pay them their costs incurred about the rule. Whereupon a judgment was rendered in favor of the plaintiffs for the amount of the note, with interest and costs. And May and wife having excepted to the modification of the rule or the allowance of the additional prayer, and also to the other decisions and final order against them, bring up the case for revision upon a bill of exceptions stating the whole evidence.

As the executors were the legal plaintiffs in the suit, and are made to say in the petition that they sue for the use and benefit of May and wife, and thus to concede to them the benefit and control of the suit with the right to receive its proceeds, it seems clear that if this avowal be false and unauthorized, and not in fact made either with their sanction or in virtue of a beneficial interest in the note, they should have some remedy in the suit itself and directly affecting its form and condition, as by dismissal, amendment, or otherwise, to be relieved from the effect of this false statement, and be placed in a condition in which they might assert their right in an action for the note, or have the control of the suit brought upon it. And as in any of these remedies the opposing claimant should

" Where a suit is brought in the name of one for the benefit of another, the court has jurisdiction to determine, upon motion, who has the right to the control of the suit and its proceeds; and such decision is such final order and judgment as authorize a writ of error or appeal.

have an opportunity of being heard, there would ne-
cessarily arise a collateral controversy in the form of
a judicial proceeding, in which the conflicting rights
might be investigated and determined, so far at least
as might be necessary for determining the form of the
suit and the right to control it and its proceeds. We
are of opinion, therefore, that the court had jurisdic-
tion, in this incidental and collateral way, to hear and
determine the question as to the right to the control
and benefit of this suit. And even if it be true, which
however we do not decide, that the decision of this
question would not be conclusive upon the parties in
a contest for the proceeds of the suit received by one
of them, still it is a final determination of the imme-
diate motion or rule, conclusive upon them so far as
this suit is concerned, and as it materially affects the
rights and interest of the parties, and is obviously
prejudicial to the party against whom it is erroneous-
ly decided, we are of opinion that the peremptory
decision of such a question is a final order which this
court has jurisdiction to revise by appeal or writ of
error.

If, as suggested, the decision made in this case will
leave the rights of the parties just as they were, or as
they would be if it had not been made; then we
should think it clear that the court ought not to have
taken cognizance of the rule, and that the executors
were certainly not entitled to the costs of so unneces-
sary and futile a proceeding. But it is because the
rights of the parties were materially involved in the
question whether the suit should proceed for the bene-
fit of May and wife, that the executors could claim
this summary remedy for the assertion of their rights,
rather than be subjected to the hazard of loss by
awaiting the termination of the suit and the receipt
of its proceeds by the alleged wrong-doers, or by re-
sorting to the remedy by injunction to restrain them
from receiving it. And the same reason demonstrates
the propriety of a remedy for a wrongful decision,

which must also materially affect the rights of the parties.

Under these views, we are of opinion that there was no error in awarding the rule on the affidavit filed, nor in allowing some modification of its object by the prayer that the executors should have the benefit and control of the suit, &c. And especially as a continuance was offered and declined, upon this modification being made, and in truth no new question of fact was presented by it. But upon consideration of the evidence adduced by both parties, we are of opinion that although there are circumstances and inferences unfavorable to the claim of May and wife, who claim the beneficial interest in the note by gift from Martin Hardin to his granddaughter, the female plaintiff, formerly Letitia Hardin, and although these circumstances and inferences tend to throw some doubt upon the question of an actual gift, which might prevail against opposing inferences or mere general evidence of a gift; they are not sufficient to outweigh the positive testimony of two respectable witnesses, the one deposing not merely to general declarations, but also to an actual gift of the note by words of present donation, accompanied by actual delivery of the note to the granddaughter Letitia, and the other deposing to the statement of Martin Hardin, on another occasion, that he had given this note to Letitia, and it was hers. The first of these witnesses is, it is true, the mother of the alleged donee, but she is proved to be altogether respectable and of good character. The other witness seems to be unconnected with the parties, and is wholly unimpeached. And the fact that Letitia Hardin, for two or three years before the death of her grandfather, received either from the debtor in his presence, or from himself in presence of the debtor, the specific money, being $30 a year, paid by him as interest, though susceptible of a different explanation, is in some degree corroborative of the testimony which has been stated.

Without, however, going into a detail of the evi-dence or inferences relied on in opposition to the tes-timony above stated, it is sufficient to say that most of them are of a negative character, not altogether inexplicable under the existing circumstances, and wholly insufficient to establish perjury in the witness-es referred to, or falsehood or intended deception in Martin Hardin, deceased, when he said he had given the note to Letitia. We conclude, therefore, that up-on the evidence contained in this record, May and wife have sustained their right to bring and carry on the suit for their own use and benefit, and to have the control of the judgment, which they may still have by causing an indorsement on the execution.

Wherefore the final order upon the rule is reversed, and the cause remanded, with direction to discharge the rule at the cost of the executors.

*Harlan*, for plaintiffs; *Morehead & Brown*, for de-fendants.